IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CARL C. FOSTER,

    **Plaintiff,**

v.                                    Case No. 2:14-cv-29203

THE CALWELL PRACTICE,

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 2, 2014, the plaintiff, Carl C. Foster, filed a Complaint (ECF No. 2) and an Application to Proceed *in forma pauperis* (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

This is one of six Complaints filed by the plaintiff in this federal court since August of 2014. Service of process has not yet been ordered or attempted and this case is pending before the undersigned for initial screening under 28 U.S.C. § 1915(e)(2)(B), as the plaintiff is proceeding *in forma pauperis*.[1] Nevertheless, on January 5, 2015, the defendant, by counsel, Ancil G. Ramey and Steptoe & Johnson PLLC, filed a Motion to Dismiss (ECF No. 4), which requests that the court dismiss this civil action for lack of subject matter jurisdiction.

---

1   The plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) has been granted by separate Order.

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## **ANALYSIS**

From a review of the "Complaint" document, it appears that the plaintiff's claim against the Calwell Practice is exclusively related to the alleged provision of "harmful legal advice." It further appears that the plaintiff unsuccessfully attempted to litigate this claim in the Circuit Court of Kanawha County and thereafter filed an appeal to the

Supreme Court of Appeals of West Virginia (the "SCAWV"). The present "Complaint" states [spelling corrected]:

> On appeal from WVA Supreme Court the initial charges were harmful legal advice, bad faith and breach of attorney-client privilege. I went to the Calwell Practice concerning a lawsuit. The attorney I spoke w/named (Alex) offered harmful legal advice, ridicule, and tried to undermine the integrity of the legal foundation of the suit. I allege he also made aware my intentions to file a suit against the entity. I also allege legal neglect; this suit was dismissed after a scheduling order had been made and before the deadline to submit the brief from the plaintiff; this is legally contrary.

(ECF No. 2).

The defendant's Motion to Dismiss (ECF No. 4) asserts that the Complaint is essentially an attempt to appeal a decision from the SCAWV, and that this court has no jurisdiction to hear such an appeal. The Motion to Dismiss relies upon *Bey v. Sup. Ct. of South Carolina,* 2013 WL 2395097 (D.S.C., May 31, 2013) which held:

> Here, it is clear that Plaintiff's attempt to appeal an order of the S.C. Supreme Court cannot be entertained in this federal district court. Under the provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this Court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeal provides for review of state court decisions. Rather, appeals of state court decisions must be pursued through the state appellate courts and then directly to the United States Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476082, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257) [footnote omitted].

(ECF No. 4 at 1-2). The defendant asserts that this court is likewise unable to review an appellate decision of the SCAWV. (*Id.* at 2).

The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are

3

divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff is essentially challenging a decision made by the SCAWV and that this court's review of those decisions amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* doctrine. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiff's Complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine.

Furthermore, even if the plaintiff were not attempting to seek review of a claim denied by the state appellate court, this court still lacks subject matter jurisdiction over the plaintiff's claim. The plaintiff has not alleged a claim against the Calwell Practice that would entitle him to relief under the United States Constitution or any federal statute. Thus, the plaintiff has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331.

Nor can the plaintiff meet the requirements for diversity of citizenship jurisdiction, as both he and the Calwell Practice appear to be citizens of the State of West Virginia. 28 U.S.C. § 1332. Therefore, this court cannot review his state law claim of attorney negligence/legal malpractice.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction over the plaintiff's claim against the Calwell Practice. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendant's Motion to Dismiss (ECF No. 4) and **DISMISS** this civil action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

February 24, 2015

Dwane L. Tinsley
United States Magistrate Judge